QUESTION: Is it the duty of the clerk of the circuit court or the county comptroller to record instruments relating to probate in light of the repeal of s. 732.07, F.S., and the creation of s.28.223, F.S., by Ch. 74-106, Laws of Florida?
SUMMARY: Pursuant to s. 28.223, F.S., and Ch. 72-461, Laws of Florida, it is the duty of the Orange County Comptroller rather than the Orange County Clerk of the Circuit Court to record probate instruments entitled to recordation in the Official Records of the county. Article VIII, s. 1(d), State Const., provides that the duties of the clerk of the circuit court may be divided by county charter or special law approved by the vote of the electors between two officers, one serving as clerk of the court and the other as clerk of the board of county commissioners, auditor, recorder, and custodian of all county funds. Pursuant to this constitutional authorization, Ch. 72-461, Laws of Florida, was adopted for Orange County creating the offices of clerk of the circuit and county courts and county comptroller. The legislative intent and purpose of dividing the duties of the clerk of the circuit court was to separate the judicial and nonjudicial functions of that office, with the clerk of the court handling those matters pertaining to the courts and the county comptroller handling the nonjudicial duties formerly performed by the circuit court clerk. Attorney General Opinion 073-213. Prior to the enactment of s. 28.223, F.S. (1974 Supp.), s. 732.07, F.S. 1973, provided for recordation of probate records. Pursuant to that section, which was repealed by Ch. 74-106, Laws of Florida, probate records were kept in books for that purpose and separate from the "Official Records." In construing that provision in AGO 074-171, I ruled that as probate records were kept and recorded in separate probate record books and not in the Official Records of a county, it was a judicial function of the clerk as clerk of the probate court, rather than the Orange County Comptroller, to keep and record such records. But the 1974 revision of the Probate Code, Ch. 74-106, Laws of Florida, repealed s. 732.07, supra, and created s. 28.223, supra, in its stead. This section specifically requires certain probate matters — including wills, codicils, letters of administration, and final orders — to be recorded by the clerk of the court in Official Records and to "index them in the same manner as prescribed in s. 28.222." Section 28.222
prescribes the duties of the clerk as county recorder in recording and indexing all instruments, such as deeds and mortgages, in the county's Official Records. Thus, there can be no doubt that the Legislature intended the designated court records in probate proceedings, like the judgments in other civil proceedings, see s.28.29, F.S., to be recorded in the county's Official Records. While the wisdom of recording in the Official Records of the county the records of the court in judicial proceedings — including orders that may be reversed on appeal — may be questionable, it is well settled that the wisdom or policy of a legislative body in adopting a particular legislative act is not subject to review. Legislative acts are, of course, presumptively valid and, absent some sustainable constitutional infirmity, will be sustained by the courts. The clerk, in his capacity as county recorder, is the keeper of the Official Records. Section 28.222, F.S. In Orange County, as provided in s. 2, Ch. 72-461, Laws of Florida, the county comptroller shall "keep the records and perform all of the duties now or hereafter prescribed by law relating to instruments required or authorized by law to be recorded in the public records, including without limitation section 28.222, Florida Statutes (section 2, chapter 71-4)." Thus, the county comptroller is keeper of the Official Records in Orange County; and, as noted above, s. 28.223(2) requires the clerk to "record all instruments under this section in the Official Records and index them in the same manner as prescribed in s. 28.222." As it is the county comptroller's duty to keep the Official Records, I am of the opinion that it is his duty to record probate instruments required or authorized to be recorded pursuant to s.28.223, F.S. (1974 Supp.).